UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10053-RCL

UNITED STATES OF AMERICA

v.

ANGEL L. RIVERA

## MEMORANDUM AND ORDER ON
## GOVERNMENT'S MOTION FOR DETENTION

March 26, 2004

DEIN, M.J.

### I.  GOVERNMENT'S MOTION FOR DETENTION

The defendant, Angel Rivera, is charged in a multi-count indictment with conspiracy to distribute heroin in violation of 21 U.S.C. § 846; and four counts of distribution of heroin and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  An initial appearance was held on February 24, 2004, at which time the government moved for detention on the grounds that the defendant was a danger to the community (18 U.S.C. § 3142(f)(1)(C)), that there was a serious risk of obstruction of justice (18 U.S.C. § 3142(f)(2)(B)), and that the defendant posed a serious risk of flight (18 U.S.C. § 3142(f)(2)(A)).  A detention hearing was held on February 27, 2004 at which time the defendant, through counsel, requested a continuance until March 9, 2004.  A detention hearing was held on March 9, 2004, at which time the defendant was represented by

counsel.  The government presented the testimony of Special Agent Mark Karangekis of

the FBI.  The hearing was continued on March 25, 2004, at which time the defendant was

represented by counsel.   For the reasons detailed herein, this court orders that the

defendant be detained prior to trial.

## II.  THE BAIL REFORM ACT

A.      Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the

judicial officer shall order that, pending trial, the defendant either be (1) released on his or

her own recognizance or upon execution of an unsecured bond; (2) released on a

condition or combination of conditions; (3) temporarily detained to permit revocation of

conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial

officer finds by clear and convincing evidence after a detention hearing "that no condition

or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the

safety of any other person or the community . . . ," or if the judicial officer finds by a

preponderance of the evidence after a detention hearing "that no condition or combination

of conditions will reasonably assure the appearance of the person as required . . . ."  See

United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.      The government is entitled to move for detention on grounds of danger to the

community in a case that –

(1)      involves a crime of violence within the meaning of 18 U.S.C.

§ 3156(a)(4);

(2)      involves an offense punishable by death or life imprisonment;

(3)     involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>

(4)     involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  <u>See</u> 18 U.S.C. § 3142(f).

C.     In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(a)     the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(b)     the weight of the evidence against the accused;

(c)     the history and characteristics of the person, including --

---

[1]     The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  <u>See</u> <u>United States v. Moss</u>, 887 F.2d 333, 336-37 (1st Cir. 1989).

(i)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(ii)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(d)   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

D.    Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act -- e.g., possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, or any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately

-4-

above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  <u>See</u> 18 U.S.C. § 3142(e).

    <u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.  <u>See</u> 18 U.S.C. § 3142(e).

  Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight.  The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced.  <u>United States v. Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991).  This "only imposes a burden of production on a defendant. The burden of persuasion remains with the government."  <u>United States v. Palmer-Contreras</u>, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); <u>see</u> <u>also</u> <u>United States v.</u>

Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces

"some evidence" in rebuttal, however, the presumption does not disappear.  Rather, it

retains some evidentiary weight, the amount of which will depend on how closely the

defendant's case "resembles the congressional paradigm" and other relevant factors.

Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416.  See United States v.

Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must

be based on the evidence which is before the court regarding the particular defendant."

U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record

before me, I find that there are no conditions which may be imposed which will reasonably

insure the safety of the community.

The indictment establishes that there is probable cause to believe that the

defendant committed the crime charged.  Since the defendant is charged with a violation

of the Controlled Substances Act (21 U.S.C. § 801 et seq.), which carries a maximum

sentence of ten years or more imprisonment, the rebuttable presumption that no condition

or combination of conditions of release will reasonably assure the appearance of the

defendant as required and the safety of the community applies.  I assume, without

deciding, that the defendant has met his burden of production in response to the

presumption.  Nevertheless, I find that the government has proven by clear and convincing

evidence that there are no conditions or combination of conditions which will reasonably

assure the safety of other persons and the community.

## A.  <u>The Offense Charged And Weight Of The Evidence</u>

The defendant is charged with a serious drug offense, and faces a maximum term of imprisonment of 40 years, with a five year mandatory minimum term of imprisonment if convicted of the crime charged.  The evidence against him appears strong.

Rivera was arrested as part of a multi-agency investigation of a street gang known as the Latin Kings, which is operating in Lawrence and Lowell, Massachusetts, as well as other areas across the country.  He has been identified as a regional officer for the eastern portion of Massachusetts, specifically the Secretary of the Eastern Region, and goes by the name "King Venom."  Ex. 1 at ¶¶ 25, 40.  As part of the investigation, there were a number of controlled buys of heroin, cocaine and cocaine base.  Rivera, along with co-defendant Victor Arroyo, made 9 sales of heroin to a cooperating witness.  <u>Id.</u> at ¶ 41; <u>see also</u> Ex. 10.  During these sales, Rivera participated in discussions of guns, drugs and gang affairs, as well as Rivera's sale of a bulletproof vest to a drug connection.  Ex. 1 at ¶ 41.  <u>See</u> <u>also</u> 1/6/04 Report (Ex. 10) referencing loan of bulletproof vest.  The sales are evidenced by audio and/or video tapes and surveillance reports.

In one taped conversation with a cooperating witness, Rivera said that he had ordered the termination of an unnamed member of the gang because he had "snitched" to the police.  This gang member and another whom Rivera had ordered terminated were allegedly beaten to death.  Ex. 1A.  During the same conversation, Rivera discussed two guns which he knew were for sale, as well as the sale of drugs.  Rivera directed the cooperating witness to see Arroyo for future drug purchases.  <u>Id.</u>

The government also introduced correspondence allegedly sent by Rivera to another Latin King member who was incarcerated.  Ex. 5.  The letter discusses the gang, and Rivera's suggested punishment of a member.  Id.

### B.  History And Characteristics Of The Defendant

The defendant, age 24, was born on September 29, 1979 in Methuen, Massachusetts, and is a life-long resident of Massachusetts.  He last attended the Holyoke Street Alternative High School in 1998.  He earned a Culinary Arts Certificate while in Adult Corrections.  He is single.  Rivera recently moved into an apartment with his girlfriend and their eight month old daughter.  Before then, the defendant lived with his mother.  His residential history included living in North Hampton and Springfield, as well as in the custody of DYS in Westboro, Stoneham and Greenfield, Massachusetts.

At the time of his arrest, the defendant was employed at the Christmas Tree Shop in Salem, New Hampshire.  He also reports having been employed in various other jobs. Rivera reports no assets or liabilities.

Rivera's juvenile record includes various charges of assault and battery.  As an adult, he was convicted and incarcerated for assault with a dangerous weapon.  He has also had various firearm offenses.  In 1999, the defendant was again committed for a property violation.  In 2002, he was again charged with assault and battery, but the charges were dismissed.

### C.  Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably

assure the safety of other persons and the community.  Despite two periods of

incarceration, the defendant engaged in the repeated sale of narcotics.  In addition,

despite being convicted of violent offenses in the past, the defendant continues to have

access to firearms and seems to have participated in violent confrontations, including with

members of his own gang as a form of discipline.  The defendant does not seem able to

conform his behavior to the requirements of the law, and it seems likely that the defendant

will continue to engage in illicit activities to support himself and his family.  The rebuttable

presumption which applies in the case of drug charges was premised, in part, on

Congress' conclusion "that the risk that a defendant will continue to engage in drug

trafficking constitutes a danger to the 'safety of any other person or the community.'"  S.

Rep. No. 225, 98th Cong., 1st Sess. 13 (1983).  Recognizing that the burden of persuasion

remains with the government at all times, I find that the presumption of dangerousness has

not been rebutted.

The defendant proposes that he be released to live with his girlfriend and their child.

There is no evidence in the record, however, from which the court could conclude that his

girlfriend exerts sufficient influence to control the defendant's behavior.

### D.  <u>Risk Of Flight</u>

It is not necessary for the court's detention decision to reach the issue whether the

record evidence before this court warrants a conclusion that no condition or combination of

conditions -- short of pretrial detention -- would reasonably assure the appearance of the

defendant.  However, the court does note that the defendant is a life-long resident of

Massachusetts, and does not appear to have strong ties out of state.  Even his

employment, in Salem, New Hampshire, is near Massachusetts. This court does not consider the risk of flight to be very high in this case.

## IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.


     / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge