

**U.S. Department of Justice**
*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

September 14, 2004

Tracey Miner
Mintz Levin et al
One Financial Center
Boston, MA 02111

Re: <u>United States v. Angel Luis Rivera, a/k/a "King Venom"</u>
Criminal No. 04-10053-RCL

Dear Ms. Miner:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Angel Luis Rivera, a/k/a "King Venom" ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date but in no event later than October 1, 2004, Defendant shall plead guilty to the following counts of the above-captioned Indictment: Count 6 (conspiracy to distribute more than 100 grams of heroin ); and Counts 7, 8, 9, and 10 (distribution of heroin and aiding and abetting). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally, and willfully committed the crimes charged in Counts 6, 7, 8, 9, and 10 of the Indictment, and is in fact guilty of those offenses.

2. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on Count 6 of the Indictment: a maximum term of imprisonment of 40 years with a five-year mandatory minimum sentence, a fine of up to $2,000,000, at least a 4-year term of supervised release and a maximum of life, and a $100 Special Assessment.

Defendant faces the following minimum mandatory and maximum penalties on each of Counts 7, 8, 9, and 10 of the Indictment: a maximum term of imprisonment of 20 years, a fine of up to

$1,000,000, at least a 3-year term of supervised release and a maximum of life, and a $100 Special Assessment.

3.  Sentencing Guidelines

Defendant waives any claim he has under Apprendi v. New Jersey, Blakely v. Washington, under the Fifth or Sixth Amendment to the United States Constitution and on any other basis (whether statutory, constitutional, or otherwise) to have the facts underlying any guideline determination made by a jury beyond a reasonable doubt. Defendant understands and agrees after consultation with his attorney that the Court will makes all sentencing determinations at sentencing by a preponderance of the evidence and acknowledges that his counsel has explained the difference in the standards of proof that could apply in this case. Defendant states that he is making this waiver knowingly and intelligently and with the understanding that it will not be affected by any subsequent change in the applicable legal principles.

Based on the foregoing, the parties will take the following positions at sentencing under the United States Sentencing Guidelines ("U.S.S.G."):

(A) Base Offense Level

The parties have agreed that the defendant is responsible for at least 100 but less than 400 grams of heroin and that his Base Offense Level under U.S.S.G. 2D1 is therefore 26. The defendant acknowledges that his agreement makes him subject to a 5 year mandatory minimum sentence under 21 U.S.C. §841 (b)(1)(B).

Defendant admits that he personally sold (or aided or abetted the sale of) a total of 111.9 grams of heroin in the course of the underlying investigation. This includes heroin sold on December 9, 2003 (9.9 grams), December 26, 2003 (18.9 grams), December 29, 2003 (28.1 grams) January 2, 2004 (24.8 grams), and January 6, 2004 (30.2 grams).

(B) Role in the Offense

The parties agree that no adjustment for role in the offense is appropriate pursuant to U.S.S.G. §§ 3B1.1 or 3B1.2.

(C) Acceptance of Responsibility

Based on Defendant's acceptance of personal responsibility for the offenses of conviction in this case and willingness to

provide complete information regarding his own involvement in the offenses, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees that Defendant's Adjusted Offense Level should be reduced by three levels under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

 (a) Fails to admit a complete factual basis for the plea;

 (b) Fails to truthfully admit his conduct in the offenses of conviction;

 (c) Fails to provide truthful information about his financial status;

 (d) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

 (e) Commits a crime; and/or,

 (f) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

 4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

 (a) Subject to any applicable mandatory minimum sentence, incarceration within the applicable guideline range;

 (b) A fine within the statutory range unless the Court finds pursuant to U.S.S.G. § 5E1.2(e) that

3

>   Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
>   (c) A mandatory special assessment of $500; and,
>
>   (d) A period of supervised release of at least 4 years.

Both parties agree that there are no grounds for departure from the sentencing range established by the United States Sentencing Guidelines in this case.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

8.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9.  <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified

or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John A. Wortmann, Jr.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By: _____
                              JAMES B. FARMER
                              Assistant U.S. Attorney
                              Chief,
                              Criminal Division

                              STEPHEN P. HEYMANN
                              Assistant U.S. Attorney
                              Deputy Chief,
                              Criminal Division

                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it--**including the waiver of rights described in paragraph 3**--with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them, and the manner in which my sentencing will proceed based on the waivers set forth in paragraph 3. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
ANGEL LUIS RIVERA
Defendant

Date: 10-20-04

I certify that ANGEL LUIS RIVERA has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
TRACY MINER
Attorney for Defendant

Date: _____