# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>ANGEL LUIS RIVERA<br>a/k/a "King Venom" | STATEMENT OF REASONS<br><br>Case Number: **1: 04 CR 10053 - 002 - RCL**<br>Tracy Miner, Esq.<br>Defendant's Attorney |

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 23 |
| Criminal History Category: | III |
| Imprisonment Range: | 60 to 71 months |
| Supervised Release Range: | to 4 years |
| Fine Range: | $ $10,000.00 to $ $6,000,000.00 |

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 00-00-1979
Defendant's USM No.: 25120-038
Defendant's Residence Address:

02/22/05
Date of Imposition of Judgment

Signature of Judicial Officer
/s/The Honorable Reginald C. Lindsay
Judge, U.S. District Court
Name and Title of Judicial Officer

3/7/05
Date

Defendant's Mailing Address:

DEFENDANT: ANGEL LUIS RIVERA
CASE NUMBER: 1: 04 CR 10053 - 002 - RCL

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

| | |
|---|---|
| DEFENDANT: | ANGEL LUIS RIVERA |
| CASE NUMBER: | 1: 04 CR 10053 - 002 - RCL |

Statement of Reasons - Page 3 of 4

# STATEMENT OF REASONS

[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

[ ] The sentence departs from the guideline range:

  [ ] upon motion of the government, as a result of a defendant's substantial assistance, or

  [ ] for the following specific reason(s):

[ ] See Continuation Page

Statemennt of Reasons - Page 4 of 4

DEFENDANT: ANGEL LUIS RIVERA
CASE NUMBER: 1: 04 CR 10053 - 002 - RCL

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE